IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY MORRELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:25-cv-1466-L-BN |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC. and | § | |
| TRANS UNION LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO AMEND SCHEDULING ORDER**

Plaintiff Corey Morrell has moved to extend the deadlines set in the Initial Scheduling Order [Dkt. No. 21]. *See* Dkt. No. 73.

After the Court ordered briefing on the motion, *see* Dkt. No. 77, Defendants Experian Information Solutions, Inc. and Trans Union LLC responded, *see* Dkt. No. 89, and Morrell replied, *see* Dkt. No. 92.

For the reasons explained below, the Court denies the Motion to Amend the Scheduling Order [Dkt. No. 73].

**Legal Standards**

"The Federal Rules of Civil Procedure state that a pretrial schedule may be modified 'only for good cause.'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting FED. R. CIV. P. 16(b)(4)); *cf. Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979) ("[W]e ascribe to the trial court a broad discretion to preserve the integrity and purpose of the pretrial order …." (citation omitted)).

The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (cleaned up, quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *see Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (internal quotation marks omitted)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and internal quotation marks omitted)); *cf., e.g., Puid v. Citibank, N.A.*, 514 F. App'x 483, 488 (5th Cir. 2013) (per curiam) ("[T]o determine whether the district court abused its discretion in finding no good cause to modify its scheduling order, we look to the [party's] diligence in [obtaining compliance] within the scheduling order's timeline.").

In exercising the authority to determine whether to modify a scheduling order for good cause under Federal Rule of Civil Procedure 16(b)(4), the "four relevant factors" are "'(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice.'" *Squyres*, 782 F.3d at 237 (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010); brackets omitted).

While "[t]he court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side,'" *Harrison v. Wells Fargo Bank*, No. 3:13-cv-4682-D, 2016 WL 3612124, at *2 (N.D. Tex. July 6, 2016) (quoting *EEOC v. Serv. Temps, Inc.*, No. 3:08-cv-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009)), "[t]he absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause,'" *Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (footnote omitted).

### Analysis

In its Initial Scheduling Order, the Court set the following deadlines:

- Morrell must designate expert witnesses by February 16, 2026;

- Defendants must designate expert witnesses by March 16, 2026;

- Discovery must be completed by May 15, 2025;

- Mediation must be completed by March 13, 2026; and

- Dispositive motions must be filed by June 15, 2026.

*See* Dkt. No. 21.

On Morrell's motion, *see* Dkt. No. 64, the Court extended the mediation deadline to June 1, 2026 but kept all other deadlines intact, *see* Dkt. No. 71.

Morrell seeks to reopen his and Defendants' expert designation deadlines and extend them by approximately four months, to June 15, 2026 and July 15, 2026, respectively. *See* Dkt. No. 73-3 at 1. And he seeks to extend the discovery and dispositive motions deadlines by approximately three months. *See id.*

As explained above, the Court will not grant this request unless Morrell shows good cause to do so under Rule 16(b)(4)'s four factors.

First, Morrell blames Defendants for the alleged inability to meet the current deadlines. He argues that "Defendants' pending stay motion created a de facto discovery standstill, and ongoing disputes and the protective-order process have prevented completion of discovery." Dkt. No. 73 at 2. He also argues that Defendants' responses to his first discovery requests were "heavily objection-based and did not include categories on materials [he] identified as essential to the case and to the discovery disputes." Dkt. No. 73-1 at 1.

But the record contradicts Morrell's position that Defendants, alone, have stunted the progress of this lawsuit. Morrell appears to regularly provide Defendants with minimal time – often one or two days – to review materials he sends, communicate their position, contribute to joint status reports, and otherwise cooperate with him. *See, e.g.*, Dkt. No. 90 at 12, 21, & 31. When the deadlines he sets have passed, he replies that he is "closing out this email string and the conferral/joint-report process." *Id.* at 5 & 8.

Morrell has filed several motions to compel discovery. *See* Dkt. Nos. 34, 37, 59, 78, & 83. On occasion, when asked to meet and confer, Morrell has refused. *See id.* at 10. He has also refused to conduct discovery conferences virtually and insists on conducting them at the courthouse. *See id.* at 49.  The Court has reminded Morrell of the requirement set out in this Court's standing order [Dkt. No. 41] to meaningfully meet and confer with Defendants before filing discovery motions. *See* Dkt. No. 60.

As to Morrell's argument that "existing schedule is now unworkable" because "no depositions have occurred to date," Defendants have cooperated in attempting to schedule depositions of the parties. *See id.* at 49-60.

In sum, "[Morrell] essentially attempts to shift the focus away from [his] own lack of diligence to the disclosure and discovery conduct of [D]efendants." *Matamoros v. Cooper Clinic*, No. 3:14-cv-442-D, 2015 WL 4713201, at *2 (N.D. Tex. Aug. 7, 2025). But pointing to Defendants' actions cannot excuse his own.

And, so, on the record before it, the Court is not persuaded that Morrell has been diligent in attempting to meet the existing scheduling deadlines.

The first factor weighs against amending the scheduling order.

Second, Morrell contends that the case's "[c]ore issues turn on Defendants' internal systems and ESI." Dkt. No. 73 at 4. The Court has previously acknowledged that the production he seeks is important to his claims. *See* Dkt. No. 71 at 3-4. And it is not persuaded by Defendants' arguments to the contrary.

And, so, the second factor weighs in favor of amending the scheduling order.

As to the third and fourth factors, Morrell argues that [n]o trial date has been set" and "[a] coordinated schedule amendment now will promote orderly case management and reduce the likelihood of rushed, inefficient, or duplicative motion practice." Dkt. No. 73.

The Court is not convinced that extending the discovery deadline will "reduce the likelihood" of discovery disputes – which have been numerous – in this case. And the Court agrees with Defendants that amending the scheduling order at this stage

would needlessly increase costs in this lawsuit. *See* Dkt. No. 89 at 11-12; *see also Filgueira v. U.S. Nat'l Ass'n*, 734 F.3d 420, 423-424 (5th Cir. 2013) (finding prejudice under Rule 16(b)(4) where amending scheduling order "would cause the Defendants great expense and extend the litigation needlessly").

And a continuance would not avoid prejudice to the Defendants where the extension of the scheduling order is the very source of the prejudice. *Accord Poole v. Walmart*, No. 3:22-cv-726-D, 2023 WL 4207467, at *4 (N.D. Tex. June 27, 2023) (finding that the fourth factor "weighs against a finding of good cause to amend the scheduling order" where "a continuance would needlessly delay resolving the case").

Considering the four factors holistically, the Court finds that the factors weigh against amending the scheduling order.

## Conclusion

For the reasons set about above, the Court DENIES Plaintiff Corey Morrell's Motion to Amend the Scheduling Order [Dkt. No. 73].

SO ORDERED.

DATED: April 20, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 6 -