IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY MORRELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-1466-L-BN |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, INC. and TRANS UNION LLC, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Defendants Experian Information Solutions, Inc. and Trans Union, LLC have each filed an application for attorneys' fees. *See* Dkt. Nos. 130 & 131.

For the reasons and to the extent set out below, the Court grants in part Experian's application [Dkt. No. 130] and grants Trans Union's application [Dkt. No. 131].

## Background

Defendants Experian Information Solutions, Inc. and Trans Union, LLC filed a Joint Motion to Compel Plaintiff Corey Morrell's Deposition and Sanction Plaintiff under Federal Rules of Civil Procedure 37(d)(1)(A). *See* Dkt. Nos. 106 & 107.

The Court granted Defendants' motion and awarded sanctions. *See* Dkt. No. 117. As relevant here, the Court found that:

> Morrell must pay Trans Union and Experian – in amounts to be determined – the reasonable attorneys' fees that each incurred for its counsel to attend the deposition on April 8, 2026 and to draft and file this joint motion [Dkt. No. 106] and the reply and appendix in support

> [Dkt. Nos. 107 & 114], which Morrell caused the defendants to incur by his non-appearance.

*Id.*

The Court directed the parties to confer about the reasonable amount of these attorneys' fees to be awarded and if they could not reach an agreement, for Defendants to file applications for attorneys' fees. *Id.*

When the parties were unable to reach an agreement, *see* Dkt. No. 126, Defendants filed their applications for attorneys' fees. *See* Dkt. Nos. 130 & 131. Morrell filed a Motion for Leave to File Response to Defendants' Applications for Attorneys' Fees Out of Time [Dkt. No. 142], which the Court granted. *See* Dkt. No. 152. The Court allowed Defendants to reply to Morrell's Response [Dkt. 154] by October 9, 2026. *See id.* Defendants replied. *See* Dkt. Nos. 153 &159.

Through its application, Experian seeks $15,499.85 in attorneys' fees (0.90 hours, at a rate of $1,066.55 per hour, for work performed by its attorney Rebecca Anthony, a partner at Jones Day; 1.40 hours, at a rate of $759.45 per hour, for work performed by its attorney Camden Douglas, a former associate at Jones Day; 21.90 hours, at a rate of $622.50 per hour, for work performed by its attorney Abby Yager, an associate at Jones Day). *See* Dkt. No. 130 at 4-5; *see also* Dkt. No. 130-1 at 1.

Through its application, Trans Union seeks $2,552.40 in attorneys' fees (8.1 hours, at a rate of $256 per hour, for work performed by its attorney Samin Agha, of Quilling, Selander, Lownds, Winslett & Moser, P.C; 2,1 hours, at a rate of $228 per hour, for work performed by its paralegal Amy Gonzalez, of the same). *See* Dkt. Nos. 131, 132 & 153.

The Court must determine the appropriate lodestar, which, here, is calculated by multiplying the number of hours Experian and Trans Union's attorneys reasonably spent in preparing and filing its motion to compel by a reasonable hourly rate, *see, e.g.*, *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

Under Rule 37(a)(5)(A), "a party seeking attorneys' fees may only recover for time spent in preparing and prosecuting the actual discovery motion – that is, the 'reasonable expenses incurred in making the motion, including attorney's fees.'" *Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co.*, No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019) (quoting FED. R. CIV. P. 37(a)(5)(A)). "This includes time spent on additional briefing and any oral argument or hearing and can include '"fees on fees" for the time expended in filing a motion for attorneys' fees.'" *Id.* (quoting *Wysocki v. Dourian*, No. 2:17-cv-333-JAD-NJK, 2017 WL 4767145, at *2 (D. Nev. Oct. 20, 2017); citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2018 WL 3068172, at *3 (D. Kan. June 21, 2018)). But "[i]t is within the district court's wide discretion to award or deny fees on fees, based on its evaluation of the merits of the underlying fee request." *DaSilva v. U.S. Citizenship & Immigration Servs.*, 599 F. App'x 535, 544-43 (5th Cir. 2014) (citation omitted).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)).

The relevant legal community is the community in which the district court sits. *See Tollett*, 285 F.3d at 368. Generally, the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there. *See id.* But the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014).

In general, the party seeking reimbursement of attorneys' fees bears the burden to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 896 n.11; *but cf. Primrose Operating*, 382 F.3d at 562, as well as to establish the number of hours expended through the presentation of adequately recorded time records as evidence, *see Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

And movants seeking attorneys' fees are "charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnotes omitted).

The Court should use this reported time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See Watkins*, 7 F.3d at 457. The hours remaining are those reasonably expended. *See id.*

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

Further, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

And the Court should not "eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative." *Tasby v. Estes*, 651 F.2d 287, 289-90 (5th Cir. Unit A July 1981) (internal quotation marks omitted).

"Percentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment" – including by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary – or "when a court reduces excessive time spent on particular legal services" or for particular services that are "duplicative." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-752-D, 2011 WL 487754, at *13 (N.D. Tex. Feb. 11, 2011); *Shepherd v. Dall. Cnty., Tex.*, No. 3:05-cv-1442-D, 2009 WL 977294, at *2 n.3 (N.D.

Tex. Apr. 10, 2009); *accord Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." (footnote omitted)); *Cookston v. Freeman, Inc.*, No. 3:98-cv-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999).

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express*, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800.

But, because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

And, in the end, the Court need only "provide a reasonably specific explanation for all aspects of a fee determination." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (cleaned up). So "rulings on fee awards need not 'be so excruciatingly explicit' that those decisions 'consume more paper than did the cases from which they arose.'" *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432-33 (5th Cir. 2017) (per curiam) (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 228-29 (5th Cir. 2008)). Instead, the district court's "analysis [must be] 'complete enough' for [the United States Court of Appeals for the Fifth Circuit] to review 'whether the court has used proper factual criteria in exercising its discretion to fix just compensation.'" *Id.* (quoting *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986)).

## I. <u>The Court GRANTS IN PART Defendant Experian Information Solutions, Inc.'s Application for Attorneys' Fees</u>

Experian seeks $15,499.85 in attorneys' fees incurred related to Plaintiff's non-appearance and filing its motion to compel (0.90 hours for Rebecca Anthony at a rate of $1,066.55 per hour; 1.40 hours for Camden Douglas at a rate of $759.45 per hour; and 21.90 hours for Abby Yager at a rate of $622.50 per hour). *See* Dkt. No. 130 at 4.

Morrell argues that $4,890.79 of Experian's fees sought falls outside compensable work authorized by the Court's order, *see* Dkt. No. 154 at 5-6, and that $2,365.50 of the fees sought combine authorized and unauthorized work in single billing entries, *see id.* at 6-7. Morrell also opposes the hourly rates, the amount of the hours, and the fees payment terms. *See* Dkt. No. 154 at 7-9.

Here, Experian's fee application is supported by billing records attached to the

declaration of its counsel. *See* Dkt. No. 130-2. The records are supported by narrative descriptions of the work done, the number of hours that it took to complete the work, and the hourly rate billed for completion. *See id.*

But those billing records reflect work that is broader than the scope of the Court's order, where the Court limited any award to reasonable expenses incurred for counsel to attend the April 8, 2026 deposition and to draft and file the joint motion [Dkt. No. 106] and subsequent briefing. *See* Dkt. No. 117. The Court explicitly stated it "will not award any other fees in connection with this motion." *Id.*

The fees incurred on March 26, 2026 ($648.00), March 30, 2026 ($259.20), and April 7, 2026 ($2,614.50), were in preparation for the deposition and fall outside the scope of the award. *See* Dkt. No. 130-2 at 2. These preparatory fees would have been incurred even if Morrell had appeared. The Order clarifies that its scope is limited to those fees that "Morrell caused the defendants to incur by his non-appearance." Dkt. No. 117. And these fees could not have been "caused by the failure" to attend, as required in Rule 37(d)(3).

Experian further requests fees incurred on April 16, 2026 ($746.59) for "[a]nalyz[ing] correspondence with Plaintiff related to various discovery disputes, including Experian's request for Plaintiff's deposition (0.3); confer with A. Yager regarding strategy for the same (0.4)" and fees incurred on May 18, 2026 ($249.00) and May 20, 2026 ($186.75) for "[c]ommunicat[ing] with counsel for Trans Union regarding mediation deadline and reply to Plaintiff's response to joint motion to compel plaintiff's deposition." Dkt. No. 130-2. The Court finds that at least some of

these activities fall outside the scope of the Order.

And the Court cannot "accurately determin[e] the time spent on any particular task" in these entries and, so, cannot quantify with precision the extent to which each of these entries should be reduced. *Wyndham*, 2023 WL 2392090, at *3.

And that burden is not the Court's. The party seeking reimbursement must justify the hours expended with adequately recorded time records. *See Watkins*, 7 F.3d at 457; *Blum*, 465 U.S. at 896 n.11. When a party fails to do so and instead engages in block billing, percentage reductions are the accepted remedy. *See Fralick*, 2011 WL 487754, at *13; *Saizan*, 448 F.3d at 799.

Here, entries that contain matters both within and outside the Order's scope will be uniformly reduced by half their respective hours. So, the Court reduces by one-half the requested fees for April 16, 2026, May 18, 2026, and May 20, 2026 discussed above.

The Court finds the remaining requested fees are within scope and should be awarded.

So, after carefully reviewing Experian's billing records, of the 24.2 hours requested, the Court finds 19.3 hours to be reasonable and necessary and not excessive, duplicative, or inadequately documented considering the limiting scope of the fee award.

Counsel states in her declaration that she is a Partner at Jones Day, which represents Experian in this case, and that she has 12 years of legal experience, and has served as counsel in multiple FCRA cases in this District. *See* Dkt. No. 130-1.

Considering the experience of the Jones Day attorneys and the local market rates, the undersigned finds that the requested hourly rates enumerated in Counsel's declaration, while on the higher side, are reasonable and within the market rates for attorneys with this level of experience handling this type of litigation in the Dallas area. *Accord ICM US Operating, LLC v. Industrias Costa Mesa, S.A. de C.V.*, 2025 WL 1646592, at *7 (N.D. Tex. June 9, 2025) (finding $375 to $553 per hour for associates and $544 to $1,065 per hour for partners reasonable).

And, so, the appropriate lodestar here is calculated as 19.3 hours at hourly rates ranging between $622.50 and $1,066.55, where the Court matches the attorney who completed the work and their corresponding billable rate. And, while the undersigned has considered the Johnson factors, the lodestar is presumed to be reasonable and should only be modified in exceptional cases. So the Court determines that no enhancement is warranted under the circumstances and that there are no other exceptional circumstances.

In sum, the Court GRANTS IN PART AND DENIES IN PART Defendant Experian's application for attorneys' fees by ORDERING Plaintiff to pay Defendant Experian $11,386.98 in attorneys' fees by **January 18, 2027.**

## II. The Court GRANTS Defendant Trans Union LLC's Application for Attorneys' Fees

Trans Union seeks $2,552.40 in attorneys' fees (8.1 hours, at a rate of $256 per hour, for work performed by its attorney Samin Agha of Quilling, Selander, Lownds, Winslett & Moser, P.C.; 2.1 hours, at a rate of $228 per hour, for work performed by its paralegal Amy Gonzalez of the same). *See* Dkt. No. 153; *see also* Dkt. No. 132.

In its application, TransUnion requested fees for 19.6 hours of attorney and paralegal work, but acknowledged its "clerical error" and clarified the correct total of hours of attorney and paralegal time related to its requested fees is 10.2 hours. *See* Dkt. No. 131 at 3; *see also* Dkt. No. 153. Trans Union maintains that "correcting the aggregate-hours figure from 19.6 to 10.2 does not alter the lodestar or the relief requested." Dkt. No. 153 at 2.

Morrell accepts that the hourly rate is reasonable but argues Trans Union's attorneys' billing records "contain eleven entries totaling 10.20 hours (8.10 hours billed by Mr. Agha at $256 ($2,073.60) and 2.10 hours billed by paralegal Amy Gonzalez at $228 ($478.80)" so "the requested total of $2,552,40 … does not reconcile to 19.6 hours at the stated rates." Dkt. No. 154 at 3. Morrell argues "the Court should award no more than the 10.20 hours the records actually document." *Id.* So, Morrell and Trans Union also ultimately agree on the amount of hours.

And, so, the Court GRANTS Trans Union's application for attorneys' fees by ORDERING Morrell to pay Trans Union $2,552.40 in attorneys' fees by **January 18, 2027.**

## Conclusion

The Court GRANTS IN PART AND DENIES IN PART Defendant Experian Information Solutions, Inc.'s Application for Attorneys' Fees [Dkt. No. 130] by ORDERING Plaintiff Corey Morrell to pay Experian $11,386.98 in attorneys' fees under Federal Rule of Civil Procedure 37(d)(3) by **January 18, 2027.**

And the Court GRANTS Defendant Trans Union, LLC's Application for

Attorneys' Fees [Dkt. No. 131] by ORDERING Plaintiff Corey Morrell to pay $2,552.40 in attorneys' fees under Federal Rule of Civil Procedure 37(d)(3) by **January 18, 2027.**

SO ORDERED.

DATE: November 5, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE